**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUSTIN CORLISS,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:15-1364** |
| | : | |
| **v** | : | |
| | : | **(MANNION, D.J.)** |
| **THOMAS LYNOTT,** | : | **(MEHALCHICK, M.J.)** |
| ***et al.,*** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

## I.    BACKGROUND

On July 13, 2015, plaintiff Justin Corliss, a pretrial detainee confined at the Monroe County Correctional Facility ("MCCF") in Stroudsburg, Pennsylvania, filed, *pro se*, this civil rights action pursuant to 42 U.S.C. §1983 against defendants Thomas Lynott, Michael Rakaczewski, the Pocono Township Police Department, Pocono Township and, two John Doe Defendants. Plaintiff challenged the pending Monroe County criminal cases against him on charges of sexual assault on his minor daughter. On July 29, 2015, plaintiff filed a supplemental complaint raising essentially the same allegations as his initial pleading but adding two new defendants, namely, Trooper Eric Temaranez and the Pennsylvania State Police, as well as claims relating to his second arrest on new charges for sexual assault on another girl when she was a minor. Plaintiff paid the filing fee for this action.

Plaintiff's pleadings were later consolidated as his amended and

consolidated complaints. (Doc. 22, Doc. 24). Plaintiff included several attachments with his pleadings. Plaintiff raises claims against all of the individual defendants for false arrest and false imprisonment in violation of the Fourth and Fourteenth Amendments (Count I), malicious prosecution in violation of the Fourth Amendment (Count III), and retaliation in violation of his First Amendment right to redress grievances (Count IV). Plaintiff asserts claims for unlawful seizures in violation of the Fourth and Fourteenth Amendments (Count II), against only defendant Rakaczewski for his alleged acts and omissions during the pre-arrest investigation resulting in the criminal charges being filed against him in both cases. With respect to defendants Pocono Township Police Department, Pocono Township, and the Pennsylvania State Police, plaintiff alleges a failure to train and supervise claim (Count V).

On July 10, 2013, plaintiff was arrested by defendant Lynott, a detective with the Pocono Township police on various charges, including involuntary deviate sexual intercourse, endangering the welfare of a child, and indecent assault of his minor daughter, CC. Plaintiff alleges that defendants Rakaczewski, an Assistant District Attorney ("ADA") with Monroe County , and Lynott charged him with sexual assault offenses without interviewing, interrogating, and conducting an investigation to verify the minor's allegations against him. Plaintiff alleges that these defendants ignored inconsistencies in CC's statements. Plaintiff attached to his pleadings defendant Lynott's July

2013 police report and affidavit of probable cause detailing the reported sexual assault on CC. (Doc. 22-1, at 82-85). After his arrest, plaintiff was arraigned on the charges regarding CC and confined at the MCCF.

Following his first arrest, plaintiff states that another alleged victim (RV) contacted Lynott and claimed that she was also sexually abused by plaintiff on several occasions years earlier (beginning in 1995) when she was a minor. Plaintiff alleges that Lynott referred the case to defendant trooper Temarantz, since the incidents occurred outside of Lynott's jurisdiction, and that Temarantz interviewed RV. Plaintiff attached defendant Temarantz's August 8, 2013 incident report and the trooper's affidavit of probable cause to his pleadings. Plaintiff alleges that based only on the interview, Temarantz filed additional criminal charges against him regarding RV for involuntary deviate sexual intercourse and attempted deviate sexual intercourse even though Temarantz knew the charges were time barred. Plaintiff alleges that defendant ADA Rakaczewski assisted both arresting officers, Lynott and Temarantz, in preparing affidavits of probable cause which failed to include crucial facts regarding the credibility of the victims.

Plaintiff raises Fourth Amendment claims against the individual defendants for unlawful arrest, false imprisonment, and malicious prosecution, as well as a retaliation claim under the First Amendment. His constitutional claims are brought pursuant to 42 U.S.C. §1983. He also asserts a failure to train and/or supervise claim against the Pocono Township Police Department,

3

Pocono Township, and the Pennsylvania State Police ("PSP"). Plaintiff alleges that his civil rights were violated because the two arrests and subsequent prosecutions lacked probable cause. He contends that the statute of limitations will bar the criminal charges and that a complete investigation into the accusations against him will undermine the credibility of the alleged victims.[1]

There are currently three motions to dismiss plaintiff's complaints pending. On August 7, 2015, defendant ADA Rakaczewski filed a motion to dismiss. (Doc. 12). On November 4, 2015, defendants Lynott, Pocono Township, and the Pocono Township Police Department (the "Pocono

---

[1]The court takes judicial notice of the plaintiff's criminal cases as they are part of a public record and the plaintiff references his cases in his pleadings. Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Groups Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999). See Commonwealth of Pennsylvania v. Justin Corliss, CP-45-CR-0001749-2013 (Monroe Cnty. C.C.P.); Commonwealth of Pennsylvania v. Justin Meredith Corliss, CP-45-CR-0002173-2013 (Monroe Cnty. C.C.P.). The dockets from the plaintiff's cases are available for public access via the Unified Judicial System Pennsylvania Web Portal at http://ujsportal.pacourts.us/DocketSheets/MDJ.aspx.

Plaintiff's Monroe County Court Dockets indicate that preliminary hearings were conducted and the cases involving both CC and RV were bound over for trial. The criminal charges filed by defendants Lynott and Temarantz are currently pending against plaintiff in the Monroe County Court of Common Pleas. Copies of plaintiff's Dockets are attached to defendant ADA Rakaczewski's motion to dismiss, (Doc. 12-1), and to his response to plaintiff's objection, (Doc. 80). An online review of plaintiff's updated Dockets indicate that on January 26, 2016, the PA Superior Court decided the plaintiff's pre-trial appeals and remanded his cases to the Monroe County Court for further proceedings. The Monroe County Court then listed both of plaintiff's cases on its March 2016 Trial Term. Plaintiff remains in custody in MCCF since his initial arrest on July 10, 2013.

Township Defendants"), filed a motion to dismiss. (Doc. 46). On November 6, 2015, defendants Temarantz and the PSP (the "PSP Defendants"), filed a motion to dismiss. (Doc. 49).

After the motions were fully briefed, Judge Mehalchick issued a report and recommendation on January 5, 2016. (Doc. 76). She recommends that defendants' motions to dismiss be granted, and plaintiff's amended and consolidated complaints (Doc. 22, Doc. 24), be dismissed with prejudice since there was ample probable cause to arrest and prosecute plaintiff. Plaintiff filed objections to the report on January 19, 2016. (Doc. 77). On February 2, 2016, Pocono Township Defendants and PSP Defendants filed briefs in response to plaintiff's objections. (Doc. 78, Doc. 79). On February 8, 2016, defendant ADA Rakaczewski filed a brief in opposition to plaintiff's objections. (Doc. 80). The court agrees with Judge Mehalchick that defendants' motions should be **GRANTED** and that plaintiff's pleadings should be **DISMISSED WITH PREJUDICE**. Thus, the court will **ADOPT** Judge Mehalchick's report and recommendation.

## II.    STANDARDS OF REVIEW

### A. The Report and Recommendation

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v.

Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

### B. Rule 12(b)(6) Motion to Dismiss

The defendants' motions to dismiss are brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no

claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d

1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## III.    DISCUSSION

Initially, PSP Defendants are correct in that the claims against the PSP as well as any claims against trooper Termarantz in his official capacity are barred by 11th Amendment immunity. *See* Chittister v. Dep't. of Community & Economic Dev., 226 F.3d 223, 226 (3d Cir. 2000); Betts v. New Castle Youth Dev. Center, 621 F.3d 249, 253 (3d Cir. 2010) (Subsidiary units of state governments are immune from suit under the Eleventh Amendment.); Will v.

Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under §1983."). Thus, plaintiff's claims against the PSP as well as any claims against trooper Termarantz in his official capacity are **DISMISSED WITH PREJUDICE**.

Plaintiff's claims for malicious prosecution are also subject to dismissal for failure to state a cognizable claim. It is well-settled that "[t]o prove malicious prosecution ... a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor*;* (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003). In order for plaintiff to prevail on his malicious prosecution claims under §1983, he must satisfy each of the above stated elements. Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009).

In Washington v. Hanshaw, 552 Fed.Appx. 169, 173 (3d Cir. 2014), the Third Circuit stated that "our precedents are clear that §1983 plaintiffs alleging arrest and persecution absent probable cause may bring malicious prosecution claims under the Fourth Amendment, but are entitled to relief only if they are innocent of the crime for which they were prosecuted." (citing Hector v. Watt, 253 F.3d 154, 156 (3d Cir. 2000)). As such, plaintiff Corliss "must prove *actual* innocence as an element of his *prima facie* case"

regarding his malicious prosecution claims. Steele v. City of Erie, 113 Fed.Appx. 456, 459 (3d Cir. 2004) (citing Hector v. Watt, 235 F.3d at 156).

Plaintiff also asserts false arrest/imprisonment claims against defendants as well as an unlawful seizure claim against defendant Rakaczewski . A false arrest claim under §1983 also has an element requiring that the plaintiff show the criminal proceeding was initiated without probable cause. To succeed on a false arrest claim under §1983, the court in Kokinda v. Breiner, 557 F. Supp. 2d 581, 592 (M.D.Pa. 2008), stated:

> A claim under §1983 for false arrest/false imprisonment is grounded in the Fourth Amendment guarantee against unreasonable seizures. Garcia v. County of Bucks, 155 F.Supp.2d 259, 265 (E.D.Pa. 2001) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995)). To maintain his false arrest claims, "a plaintiff must show that the arresting officer lacked probable cause to make the arrest." *Id.* "Probable cause exists when the totality of facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense." *Id.*
>
> "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under §1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995). However, unlike a malicious prosecution claim, for which each criminal charge is analyzed independently, a false arrest claim will fail if there was probable cause to arrest for at least one of the offenses involved. Johnson, 477 F.3d at 75; *see also* Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994) (holding that for an arrest to be justified, "[p]robable cause need only exist as to any offense that could be charged under the circumstances").

*See also* Cummings v. City of Phila., 137 Fed. Appx. 504, 506 (3d Cir. 2005).

In order for plaintiff to prevail on his false arrest/imprisonment claims under §1983, he must satisfy each of the above stated elements. Kossler v.

10

Crisanti, 564 F.3d at 186. As stated, plaintiff was confined in MCCF since his July 2013 arrest on the initial charges filed by Lynott despite the alleged lack of probable cause that he sexually assaulted his daughter CC. Defendants contend that since plaintiff is currently awaiting trial in the two Monroe County criminal matters, his attempt to collaterally attack the criminal charges pending against him in this §1983 action is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Furthermore, they state that the court should abstain from this matter pursuant to Younger v. Harris, 401 U.S. 37 (1971), to avoid interference with ongoing state criminal prosecutions.

In Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364 (1994), the Supreme Court found that a claim for malicious prosecution accrues only where "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Thus, the *Heck* Court held that a §1983 claim was not cognizable if recovery would "necessarily imply the invalidity" of plaintiff's outstanding conviction. However, "*Heck* left open the question of whether a claim is cognizable under section 1983 if its success would necessarily imply the invalidity of a future conviction." Dique v. New Jersey Police, 603 F.3d 181, 186 (3d Cir. 2010).

Plaintiff cannot establish that the two pending Monroe County criminal cases ended in his favor at this time. Thus, it is undisputed that plaintiff has

not received a favorable termination in either of his criminal cases and that he cannot state a cognizable malicious prosecution claim at this time. Nonetheless, Judge Mehalchick does not recommend that plaintiff's malicious prosecution claims be dismissed without prejudice. Rather, she recommends that plaintiff's malicious prosecution claims as well as his false arrest/imprisonment and unlawful seizure claims be dismissed with prejudice after she conducted a detailed review, based on the documents plaintiff himself attached to his pleadings, of the overwhelming probable cause defendants relied upon to arrest and charge plaintiff in both pending criminal cases. Normally, at this stage of the case, the court would base its decision upon *Heck*'s favorable termination rule and dismiss plaintiff's case without prejudice and allow plaintiff to re-instate his action if he obtains a favorable termination in his underlying criminal proceedings. *See* Kossler v. Crisanti, 564 F.3d at 194 (Third Circuit's reiterated that district courts "need not reach the probable cause element unless they first make a finding of favorable termination" and "[o]nly if the favorable termination element is satisfied [] must a district court engage in an analysis of the probable cause element"). However, the court agrees with Judge Mehalchick and defendants that in this case since plaintiff has supplied all of the pertinent documents with his pleadings necessary to make a probable cause determination, all of his Fourth Amendment claims as well as this First Amendment retaliation claim should be dismissed with prejudice. Indeed, the court in Kossler v. Crisanti,

12

564 F.3d at 194, recognized that in some cases district courts may decide to analyze the probable cause element as opposed to first making a finding of favorable termination. The *Kossler* Court stated, "we do not intend to suggest that the favorable termination element should always be addressed prior to the probable cause element." The court then stated, "[b]ecause the probable cause element goes to the foundation of whether there were reasonable grounds for the initiation of the criminal proceeding, district courts may find it preferable to begin their analysis of a malicious prosecution claim with this element." *Id.*

Plaintiff's Fourth Amendment claims share a common element, namely, he must show that defendant arresting officers lacked probable cause to arrest him and that defendants initiated the criminal proceedings against him without probable cause. Plaintiff was detained at MCCF after his arrest by Lynott on July 10, 2013, and after his arraignment on the charges related to CC. Plaintiff was then again arrested by Temarantz on the charges related to RV and arraigned in August 2013. Plaintiff has remained confined in MCCF since his initial arrest and he is presently awaiting trial in both cases which have been listed on the Monroe County Court's March 2016 Trial Term. Plaintiff alleges that he is being continually held in prison based on the unlawful arrest warrants obtained by Lynott and Temarantz with the assistance of ADA Rakaczewski. Judge Mehalchick states, "[t]he crux of [plaintiff's] complaint regarding his false arrest claim centers on the notion that

defendant Lynott and defendant Temarantz failed to sufficiently investigate the allegations made by CC and RV prior to seeking warrants for his arrest, and thus omitted potentially exculpatory facts in their affidavits of probable cause." (Doc. 76, at 15). Judge Mehalchick also states that "Corliss claims that defendant ADA Rakaczewski, with knowledge of this potentially exculpatory evidence, assisted these officers in creating affidavits of probable cause that excluded such information bearing on the victims' credibility." (Id.). In his objections, plaintiff points out that his allegations, properly considered, reveal that he was claiming that defendants did in fact investigate and knew all the facts but deliberately and recklessly omitted relevant facts from their affidavits, particularly exculpatory facts. He states that if all of the true facts were included in the affidavits, probable cause would have been lacking. (Doc. 77).

The court completely agrees and adopts as its own Judge Mehalchick's fact-intensive analysis of the charges against plaintiff and the evidence, particularly the descriptive statements of the victims, CC and RV, which demonstrates that defendants had substantial probable cause to arrest and charge plaintiff with multiple counts of sexually abusing minors.[2] While plaintiff's objections largely address the probable cause issue and the alleged exculpatory facts which defendants failed to include in their affidavits, Judge

---

[2] Additionally, plaintiff had preliminary hearings and the charges in both of the cases were bound over to court. While not conclusive, such an independent determination is indeed a weighty consideration.

14

Mehalchick thoroughly discussed these facts and explained how they failed to show probable cause was lacking for any of the charges. Thus, the court will adopt Judge Mehalchick's recommendation and all of plaintiff's Fourth Amendment claims, *i.e.*, his malicious prosecution claims, his false arrest/imprisonment claims and his unlawful seizure claims, will be **DISMISSED WITH PREJUDICE**.

Plaintiff also raises a First Amendment retaliation claim. Judge Mehalchick states, "plaintiff contends that he 'was arrested, detained, and imprisoned by the individual defendants after being charged with multiple felony sex related criminal offenses absent probable cause, in retaliation for [his] constitutionally protected conduct seeking redress of grievances in our Courts within in the meaning of the First Amendment ....'" (Doc. 76, at 21) (quoting Doc. 22, at 37). Plaintiff points out in his objections that his retaliation claim is "based on [his] contentious and diligent, if thwarted, right to petition the courts for redress of grievances." (Doc. 77).

A plaintiff alleging retaliation in violation of the Constitution must satisfy three elements: (1) that he engaged in a constitutionally protected activity, Rauser, 241 F.3d at 330; (2) that he "suffered some 'adverse action' at the hands of [] officials sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights", Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000) (quoting Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)); and (3) that "his constitutionally protected conduct was 'a substantial

15

or motivating factor' in the decision to" take the adverse action against him, Rauser, 241 F.3d at 333–34 (quoting Mount Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). Since plaintiff Corliss' First Amendment claim is based on a retaliatory-prosecution theory, "it is subject to an additional requirement, that he allege and prove that the defendants' pursuit of the underlying criminal charge was unsupported by probable cause." Ference v. Twp. of Hamilton, 538 F.Supp.2d 785, 797 (D.N.J. 2008) (citations omitted).

No doubt, plaintiff has a First Amendment right to petition the courts for redress of grievances regarding defendants' alleged conduct. *See* Losch v. Borough of Parksburg, Pa., 736 F.2d 903, 910 (3d Cir. 1984) ("The Supreme Court has clearly held that prosecution of a citizen in retaliation 'for nonprovocatively voicing his objection' to police conduct impermissibly punishes constitutionally protected speech.") (citation omitted). However, as discussed above, plaintiff cannot establish that defendants lacked probable cause to file sexual assault charges against him and arrest him. As Judge Mehalchick explains, the decisions to arrest and charge plaintiff were based on defendants' investigations and interviews of CC and RV which constituted ample probable cause. Thus, Corliss' First Amendment claim will be **DISMISSED WITH PREJUDICE**.

Lastly, plaintiff raises a failure to train and supervise claim against Pocono Township Police Department, Pocono Township, and the PSP. Judge Mehalchick states that "plaintiff alleges that these [municipal] defendants

failed to adequately train defendants Lynott [and] Temarantz with respect to 'investigating sex crime[s,] [effectuating] detentions and arrests[,] knowledge of state and federal laws ... [,] interviewing techniques[,] relationships with complainants, witnesses and suspects[,] and report writing.'" (Doc. 76, at 23).

As discussed, the PSP is dismissed with prejudice. Also, the claim as against both Pocono Township Police Department and Pocono Township is redundant and the Township is the only proper defendant. "In §1983 actions, police departments cannot be sued in conjunction with municipalities, because the police departments are merely administrative agencies of the municipalities—not separate judicial entities." Pahle v. Colebrookdale Tp., 227 F.Supp.2d 361, 367 (E.D.Pa. 2002) (citations omitted); *see also* Padilla v. Township of Cherry Hill, 110 F.App'x 272, 278 (3d Cir. 2004) (a police department is merely an arm of a local municipality and cannot be sued for constitutional violations under §1983 based on a theory of *respondeat superior*). Since the Pocono Township Police Department is merely an arm of Pocono Township, it is a redundant party. Thus, Pocono Township Police Department will be **DISMISSED WITH PREJUDICE**.

Since plaintiff names Pocono Township as a defendant and alleges that it violated his constitutional rights, the standards annunciated in Monell v. Department of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), apply to his claim against it. *See* Moeck v. Pleasant Valley School Dist., 983 F.Supp.2d 516, 524 (M.D.Pa. 2013). A municipality is a "person" for

purposes of §1983. *See* Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 689 (1978)). But §1983 does not allow municipal liability under a theory of *respondeat superior*. Id. A municipality is not liable under §1983 merely for employing someone who violates a person's civil rights; rather, a municipality that does not directly violate a person's civil rights is liable only where it has in place a policy or custom that led to the violation. Id. "Municipal liability only attaches when a plaintiff demonstrates that an official policy or custom caused the asserted constitutional deprivation." Moeck v. Pleasant Valley School Dist., 983 F.Supp.2d at 524; Mann v. Palmerton Area School Dist., 33 F.Supp.3d 530, 540-41 (M.D.Pa. 2014).

Thus, plaintiff must allege that Pocono Township unconstitutionally implemented or executed a policy statement, ordinance, regulation, decision or custom leading to the stated violations of his constitutional rights. Mann v. Palmerton Area School Dist., 33 F.Supp.3d at 540. Additionally, there must be "a 'direct causal link between a municipal policy or custom and the alleged constitutional deprivation' to ground municipal liability." Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 249–50 (3d Cir. 2007) (citation omitted). Moreover, since the policy at issue relates to a failure to train or supervise municipal employees, "liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of

persons with whom those employees will come into contact." Carter v. City of Phila., 181 F.3d 339, 357 (3d Cir. 1999) (citation omitted). "Thus, plaintiffs who seek to bring a claim for failure to train against local governments under section 1983 must: (1) identify the deficiency in training; (2) prove that the failure to remedy the identified deficiency constituted deliberate indifference on the part of the municipality; and (3) demonstrate a direct causal link between the deficiency in training and the deprivation on plaintiffs' federal rights. Spiess v. Pocono Mtn. Regional Police Dept., 2013 WL 1249007, *19 (M.D.Pa. 2013) (citing City of Canton v. Harris, 489 U.S. 378, 390–91, 109 S.Ct. 1197, (1989); Woloszyn v. County of Lawrence, 396 F.3d 314, 324–25 (3d Cir. 2005)). "Failure to adequately screen or train municipal employees can ordinarily be considered deliberate indifference only where the failure has caused a pattern of violations." Berg v. County of Allegheny, 219 F.3d 261 (3d Cir. 2000) (citing Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 408-09 (1997)).

Since the court finds that plaintiff has failed to state a cognizable constitutional claim against the individual defendants, plaintiff's failure to train and supervise claim based on municipal liability against Pocono Township, under *Monell,* fails as a matter of law. *See* Deninno v. Municipality of Penn Hills, 269 Fed.Appx. 153, 158 (3d Cir. 2008) ("Even more fundamentally, there can be no municipal liability here because we have determined that none of the individual Defendants violated the Constitution."). Thus, Pocono

Township will be **DISMISSED WITH PREJUDICE**.

## IV.   CONCLUSION

For the reasons discussed above, Judge Mehalchick's report and recommendation, (Doc. 76), is **ADOPTED IN ITS ENTIRETY** and the defendants' motions to dismiss, (Doc. 12, Doc. 46, Doc. 49) are **GRANTED**. Plaintiff's amended and consolidated complaints, (Doc. 22, Doc. 24), are **DISMISSED WITH PREJUDICE**.

Specifically, defendant PSP as well as any claims against trooper Termarantz in his official capacity are **DISMISSED WITH PREJUDICE**. Plaintiff's malicious prosecution claims are **DISMISSED WITH PREJUDICE**. Plaintiff's claims for false arrest/imprisonment and unlawful seizure are **DISMISSED WITH PREJUDICE**. Plaintiff's First Amendment retaliation claim is **DISMISSED WITH PREJUDICE**. Defendant Pocono Township Police Department is **DISMISSED WITH PREJUDICE**. Defendant Pocono Township is **DISMISSED WITH PREJUDICE**. An appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

D**ated: February 16 , 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1364-01.wpd

20